IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK AYERS,<br><br>      Plaintiff,<br><br>      v.<br><br>EDDIE CAPEL, *et al.*,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:25-cv-05416-TRJ |

ORDER

This matter is before the Court on Plaintiff's Unopposed Motion Appointing Lead Counsel and Deferring the Litigation. (Doc. 30). Upon review and consideration, Plaintiff's Unopposed Motion is **GRANTED**.

**IT IS HEREBY ORDERED**:

1. Counsel for Defendants in this action acknowledge, without waiver of any arguments or defenses, receipt of a copy of the shareholder derivative complaint ("Complaint") and summons filed in this shareholder derivative action (the "Derivative Action") and have executed waivers to save the cost of service of a summons and additional copies of the complaints in this Derivative Action by not requiring service of judicial process in the manner provided for by Federal Rule of Civil Procedure 4.

2. This Derivative Action is **STAYED** until the earliest occurrence of one or more of the following events: (a) the dismissal of the related securities class action captioned *Prime v. Manhattan Associates, Inc.*, No. 1:25-cv-00992-TRJ (N.D. Ga.)

(the "Securities Class Action"); (b) any ruling on the pending motion to dismiss in the Securities Class Action; or (c) the public announcement of a settlement of the Securities Class Action.

3. In the event of a settlement, as contemplated in paragraph 2 above, the parties are **DIRECTED** to file a joint status report notifying the Court of the settlement within three (3) calendar days.

4. Notwithstanding the deferral of this Derivative Action, Plaintiff may file an amended complaint at any time during the stay, to the extent otherwise permitted by applicable rules.

5. If the stay of this Derivative Action is terminated following the circumstances described in paragraph 2 above, within thirty (30) days, the parties shall meet and confer and either request a further stay of this Derivative Action or submit a proposed scheduling order governing any further proceedings in this Derivative Action. At such time, Defendants have the right to seek a further stay of this Derivative Action from the Court should they believe that circumstances warrant it, and Plaintiff has the right to oppose. Defendants need not answer, move, or otherwise respond to the Complaint or any amended complaint that Plaintiff may file in this Derivative Action until the date set in an order entered by the Court.

6. Defendants shall promptly notify Plaintiff of any related stockholder derivative actions filed on behalf of Manhattan of which Defendants become aware and that concerns the same or similar subject matter as the Complaint in this Derivative Action. Defendants shall also promptly notify Plaintiff's counsel in the

event any substantially similar derivative action is not stayed on terms similar to the stay of this Derivative Action, and in such event, Plaintiff may elect to terminate the stay upon thirty (30) days' e-mail notice to Defendants' counsel.

7. Johnson Fistel, PLLP and Robbins, LLP are hereby appointed as co-lead counsel ("Lead Counsel") in this Derivative Action for Plaintiff, and any other related actions that are subsequently filed in, removed to, or transferred to this Court.

8. Plaintiff's Lead Counsel will have authority to speak for Plaintiff in matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

9. Plaintiff's Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiff and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any Plaintiff except through Plaintiff's Lead Counsel.

10. Defendants' counsel may rely upon all agreements made with Plaintiff's Lead Counsel, or other duly authorized representatives of Plaintiff's Lead Counsel, and such agreements will be binding.

11. In the event that a mediation or formal settlement discussions take place regarding the Securities Class Action, or any other related stockholder matter, Defendants shall provide reasonable advance notice of and invite Plaintiff to attend and participate in any such mediation or formal settlement discussions.

12. This Order shall apply to each purported derivative action arising out of the same or substantially the same transactions or events as this Derivative Action, which is subsequently filed in, removed to, or transferred to this Court.

13. When a case that properly belongs as part of this Derivative Action is hereafter filed in this Court or transferred here from another court, counsel shall promptly call to the attention of the Clerk of the Court the filing or transfer of any case that might properly be consolidated as part of *Ayers v. Capel*, Case No. 1:25-cv-05416-TRJ (N.D. Ga.).

SO ORDERED, this 14th day of October, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge