**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PATRICK AYERS, Derivatively on Behalf of MANHATTAN ASSOCIATES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE CAPEL, DENNIS B. STORY, THOMAS E. NOONAN, EDMOND I. EGER III, LINDA T. HOLLEMBAEK, KIMBERLY A. KURYEA, CHARLES E. MORAN, DEEPAK RAGHAVAN and JOHN J. HUNTZ<br><br>Defendants,<br><br>-and-<br><br>MANHATTAN ASSOCIATES, INC., a Georgia Corporation,<br><br>Nominal Defendant. | No. 1:25-cv-05416-TRJ |

**CONSENT MOTION TO CONTINUE THE STAY OF THE LITIGATION**

Plaintiff Patrick Ayers ("Plaintiff"), defendants Eddie Capel, Dennis B. Story, Thomas E. Noonan, Edmond I. Eger, III, Linda T. Hollembaek, Kimberly A. Kuryea, Charles E. Moran, Deepak Raghavan, and John J. Huntz (the "Individual Defendants"), and nominal defendant Manhattan Associates, Inc. ("Manhattan

Associates" or the "Company"),[1] through their respective undersigned counsel, hereby respectfully move the Court for entry of an order continuing the stay of the above-captioned derivative action (the "Derivative Action") pursuant to the terms described below. In support of this motion, the Parties state as follows:

1. On September 22, 2025, Plaintiff filed a shareholder derivative complaint ("Complaint") in this Derivative Action alleging violations of securities laws, breach of fiduciary duty, waste of corporate assets, and unjust enrichment against the Individual Defendants on behalf of the Company.

2. A related securities class action captioned *Prime v. Manhattan Associates, Inc., et al.*, No. 1:25-cv-00992-TRJ (the "Securities Class Action") is currently pending before this Court.

3. The Parties agree that there is substantial overlap between the facts and circumstances alleged in this Derivative Action and the Securities Class Action, and some of the Defendants in this Derivative Action are also named as defendants in the Securities Class Action. The Parties further agree that the proceedings in the Securities Class Action may inform the proceedings in this Derivative Action.

---

[1] Manhattan Associates and the Individual Defendants are collectively referred to herein as "Defendants." Plaintiff and Defendants are collectively referred to herein as the "Parties."

4. On October 13, 2025, Plaintiff filed his Unopposed Motion Appointing Lead Counsel and Deferring the Litigation (Doc. 30), which, among other things, requested the appointment of Lead Counsel for Plaintiff and deferral of the litigation of the Derivative Action pending certain developments in the Securities Class Action, including resolution of defendants' motion to dismiss the Securities Class Action.

5. On October 14, 2025, the Court entered an order granting Plaintiff's motion (Doc. 31, the "Stay Order"). Pursuant to the Stay Order, within thirty days of entry of a ruling on the motion to dismiss in the Securities Class Action, the Parties were required to meet and confer and either request a further stay of this Derivative Action or a proposed scheduling order. *Id.* at 2 (¶5).

6. On September 29, 2026, the Court entered an order denying the motion to dismiss in the Securities Class Action. Securities Class Action, ECF 61.

7. The Parties have conferred and agree that given the overlap between allegations in this Derivative Action and the Securities Class Action as well as the current status of the Securities Class Action, a continued stay of this Derivative Action pending further developments in the Securities Class Action remains appropriate and will continue to conserve judicial and party resources.

8. Accordingly, the Parties agree that the stay of this Derivative Action should continue under the following conditions:

a. This Derivative Action, including all deadlines and appearances, shall remain stayed until the earliest occurrence of any one of the following: (1) the dismissal of the Securities Class Action; (2) the close of expert discovery in the Securities Class Action; or (3) the public announcement of a settlement of the Securities Class Action. Any Party may move the Court to lift the stay before it expires on its own terms, following fourteen (14) days' email notice to the other Parties and upon a showing of good cause, subject to each Party's right to oppose such motions. Additionally, if a Related Derivative Action (as defined below) is not stayed on the same terms as this Derivative Action, Plaintiff may terminate the stay upon thirty (30) days' email notice to Defendants' counsel.

b. During the pendency of the stay, Defendants shall notify Plaintiff if a shareholder derivative action arising from the same or substantially similar facts as alleged in the Derivative Action is filed (a "Related Derivative Action").

c. If the stay of this Derivative Action is terminated following the circumstances described in paragraph 7(a) above, within thirty (30) days of the date that any termination of the stay takes effect, the Parties shall meet and confer and either request a further stay of the Derivative Action or submit a proposed scheduling order governing any further proceedings in the

Derivative Action. At such time, Defendants reserve the right to seek a further stay of this Derivative Action from the Court should they believe that circumstances warrant it, and Plaintiff serves the right to oppose a further stay as circumstances warrant.

d. Notwithstanding the stay of this Derivative Action, Plaintiff may amend his complaint at any time during the stay, but Defendants shall be under no obligation to respond to any amended complaint filed in the Derivative Action while the stay is in effect and until the date set in an order entered by the Court.

e. During the pendency of the stay and upon the close of fact discovery in the Securities Class Action, Defendants shall provide Plaintiff with access to all documents produced by any Defendants in the Securities Class Action, subject to an appropriate confidentiality agreement. In the event a mediation is held pursuant to subparagraph (f) herein prior to the close of fact discovery in the Securities Class Action, however, Defendants agree to provide Plaintiff with access to all documents produced by any Defendants in the Securities Class Action, subject to Fed. R. Evid. 408 and for settlement purposes only. If Defendants think it is inappropriate to share such discovery with Plaintiff, the Parties will meet and confer in good-faith and Plaintiff reserves the right to file an appropriate motion, if necessary and appropriate.

Also during the stay, Defendants shall timely produce to Plaintiff any and all documents produced in response to any shareholder demand for inspection of books and records of Manhattan Associates based on the same or substantially similar alleged misconduct, subject to the parties entering into a mutually agreeable confidentiality agreement.

f. During the pendency of the Stay, and for six months thereafter, Defendants shall advise Plaintiff of any mediation in the Securities Class Action or any Related Derivative Action reasonably in advance of the same and shall invite Plaintiff to participate in any such mediation.

g. The stay shall not apply to motions, stipulations, or any other related filing pertaining to consolidation of any related shareholder derivative actions and/or appointment of lead plaintiff(s) and lead or liaison counsel(s).

h. In the event that Defendants agree in an agreement or stipulation reduced to writing and signed by Defendants to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action that are more favorable to the plaintiff(s) therein, those more favorable terms and conditions shall be deemed incorporated herein.

NOW THEREFORE, the Parties respectfully request that the Court enter the [Proposed] Order Granting Consent Motion and Stipulation to Continue the Stay of the Litigation submitted herewith.

Respectfully submitted, this 19th day of October, 2026.

**KING & SPALDING LLP**

*/s/ Bethany M. Rezek*
B. Warren Pope
wpope@kslaw.com
Georgia Bar No. 583723
Bethany M. Rezek
brezek@kslaw.com
Georgia Bar No. 553771
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Attorneys for Defendants Eddie Capel, Dennis B. Story, Thomas E. Noonan, Edmond I. Eger, III, Linda T. Hollembaek, Kimberly A. Kuryea, Charles E. Moran, Deepak Raghavan, John J. Huntz, and Nominal Defendant Manhattan Associates, Inc.*

**JOHNSON FISTEL, PLLP**

*/s/ Mary Ellen Conner*
Michael I. Fistel, Jr.
michaelf@johnsonfistel.com
Georgia Bar No. 262062
Mary Ellen Conner
maryellenc@johnsonfistel.com
Georgia Bar No. 195077
40 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000
Facsimile: (619) 363-8326

**ROBBINS LLP**
Brian J. Robbins (*pro hac vice*)
brobbins@robbinsllp.com
Kevin A. Seely (*pro hac vice*)
kseely@robbinsllp.com
Maria L. Mansur (*pro hac vice*)
mmansur@robbinsllp.com
5060 Shoreham Place, Suite 300
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Attorneys for Plaintiff Patrick Ayers*

## **LOCAL RULE 7.1D CERTIFICATION**

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

*/s/ Bethany M. Rezek*
Bethany M. Rezek
Georgia Bar No. 553771
brezek@kslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of October, 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, and a copy of the foregoing pleading has been electronically mailed to all attorneys of record.

*/s/ Bethany M. Rezek*
Bethany M. Rezek
Georgia Bar No. 553771
brezek@kslaw.com