IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICK AYERS,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE CAPEL, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>1:25-cv-05416-TRJ |

**ORDER**

On October 19, 2026, the parties filed a consent motion to continue the stay of this litigation. (Doc. 46). Upon review and consideration, the Consent Motion (Doc. 46) is **GRANTED IN PART**. Because the Court finds that the requested stay would result in an improper indefinite stay, the Court will not impose a further stay of this action. Instead, the Clerk is respectfully **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for docket management purposes. **IT IS HEREBY ORDERED**:

1. Any party may move the Court to reopen this action, following 14 days' email notice to the other parties and upon a showing of good cause, subject to each party's right to oppose such motions. Any party may seek to reopen this action for purposes of filing any motions, stipulations, or any other related filing pertaining to consolidation of any related shareholder derivative actions and/or appointment of lead plaintiff(s) and lead or liaison counsel(s).

2. While this case is administratively closed, Defendants shall notify Plaintiff if a shareholder derivative action arising from the same or substantially similar facts as alleged in the Derivative Action is filed (a "Related Derivative Action") and shall timely produce to Plaintiff all documents produced in response to any shareholder demand for inspection of

books and records of Manhattan Associates based on the same or substantially similar alleged misconduct, subject to the parties entering into a mutually agreeable confidentiality agreement.

3. Notwithstanding the administrative closure of this Derivative Action, Plaintiff may amend his complaint at any time, but Defendants shall be under no obligation to respond to any amended complaint filed in this Derivative Action while the case is administratively closed unless ordered to do so by the Court.

4. While this case is administratively closed, and upon the close of fact discovery in the Securities Class Action, Defendants shall provide Plaintiff with access to all documents produced by any Defendants in the Securities Class Action, subject to an appropriate confidentiality agreement.

5. While this case is administratively closed, Defendants shall advise Plaintiff of any mediation in the Securities Class Action or any Related Derivative Action reasonably in advance of the same and shall invite Plaintiff to participate in any such mediation. In the event a mediation is held prior to the close of fact discovery in the Securities Class Action, Defendants agree to provide Plaintiff with access to all documents produced by any Defendants in the Securities Class Action, subject to Federal Rule of Evidence 408 and for settlement purposes only. If Defendants believe there is a good faith basis for declining to share such discovery with Plaintiff, the parties must meet and confer in good-faith, and Plaintiff shall have the right to file an appropriate motion.

SO ORDERED, this 20th day of October, 2026.

TIFFANY R. JOHNSON
United States District Judge